Submitted on briefs May 7, affirmed July 10, 1923.

# EASTERN OREGON LIVE STOCK CO. *v.* KELLER ET AL.

(216 Pac. 556.)

**Waters and Watercourses—Court Should Determine Rights of Parties and Dates of Their Appropriation.**

1. In a suit for an injunction against the use of water, where issues as to the priority of the right of the parties are raised, the court should definitely determine the right of the respective parties and the dates of their appropriation.

**Waters and Watercourses—Refusal to Enjoin Taking of Water Which Did not Flow in a Stream Appropriated by Plaintiff Held Proper Under Evidence.**

2. In a suit by an owner of land and water rights against other land owners to enjoin taking water from a stream, evidence *held* to show the water taking by defendants was a kind of surface water from melting snow, and was not taken from stream appropriated by plaintiff, and decree for defendants was proper.

From Harney: DALTON BIGGS, Judge.

In Banc.

In this suit the plaintiff seeks to be decreed the owner of a superior right to all the waters of a certain stream, and to enjoin the defendants from interfering with such waters. The plaintiff is an Oregon corporation and owns the "French-Glenn" holdings of about 100,000 acres of land on the Blitzen River in Harney County, a portion of which is described in the complaint.

Plaintiff alleges in substance as follows: The lands described in the complaint are naturally desert. Its predecessors in interest appropriated all the waters of the south fork of Krumbo Creek, or Little Krumbo Creek, in 1890, and ever since, the plaintiff and its predecessors have continually diverted and used all of such water. The south fork of Krumbo Creek is a perennial stream which rises on the western slope

of Steins Mountains in Harney County, Oregon, and flows in a generally northerly or northwesterly direction into Krumbo Creek. The stream flows in a natural channel with well-defined beds and banks over the lands of plaintiff described in the complaint. All of the waters of the stream are necessary during the irrigation season for the proper irrigation of the lands of plaintiff described in the complaint. The defendants are the owners of 240 acres of land not traversed by the south fork of Krumbo Creek, but distant therefrom. During the year 1919, the defendants constructed a ditch and attempted to appropriate the waters from the south fork of Krumbo Creek for the use of their lands, but such appropriation was subsequent to the use and appropriation of plaintiff and its predecessors in interest and without right. The defendants, about the first of April, 1920, without right diverted all the waters of the south fork of Krumbo Creek wrongfully.

The answer of the defendants, after denying the whole of the complaint, alleges the following: The defendants each made a homestead entry for certain described land. It is necessary to irrigate such land in order to raise crops. The defendant Emil Keller applied for and obtained a permit dated April 18, 1919, from the state engineer of the State of Oregon to appropriate water from a brook tributary to Krumbo Creek. The water so applied for, and for which the permit has been granted and which has been used by defendants, is run-off water which comes down the west slope of Steins Mountains out of a canyon about twelve miles long, and had never been used by anyone before it was used by these defendants in 1920. The water usually flows during the run-off period for about five weeks in each year,

108 Or.—17

but in some years, as in 1918, there was no water there. There is no perennial stream of water at any time or natural stream in the canyon. The water in the canyon is not confined by any well-defined bed or banks. It is simply snow water coming down the mountains through the run-off period of the year. In the year 1919, defendants constructed a ditch about four miles long, and irrigated about seventy acres of land. Prior to defendants' use of such water most of it flowed into a swamp where it ceased to be of any practical use to anyone.

The reply put in issue the allegations of the answer, and averred that under the provisions of Section 3 of Chapter 87, General Laws of 1913, the state engineer was required to withdraw and withhold from appropriation any and all waters of Blitzen River or its tributaries to which Krumbo Creek is tributary, and that the state engineer had no authority to grant the permit.

The trial court found from the testimony that:

"There is no serious conflict as between the plaintiff and the defendants over the use of the water and that it is not shown that the use of water made by the defendants has been injurious to the plaintiff herein. That the water used by the defendants runs but a very short time each spring, that a large portion of this water is not put to a beneficial use by plaintiff, and that the using of said water by the defendants does not conflict with planitiff's interest, inasmuch as the plaintiff does not use this water at the time of the year the defendants are using the same."

The court further found that the validity of the permit issued by the state engineer to Emil Keller was not at issue herein. Plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. J. W. McCulloch* and *Mr. R. M. Duncan.*

For respondents there was a brief over the name of *Mr. H. V. Schmalz.*

BEAN, J.—The testimony supports the finding of the trial court to the effect that the use by the defendants of the water upon their lands did not injure plaintiff or interfere with its rights.

The plaintiff assigns that the court erred in not finding that the plaintiff is entitled to the use of the waters claimed by defendants, and not decreeing plaintiff a prior right to such use.

1. Whenever a suit is instituted for an injunction to restrain the use of water, and issues are raised in regard to the relative priority of the rights of parties to the use of waters of a certain stream, the court should in all cases where possible definitely determine the rights of the respective parties and the dates of their appropriation: See *Hough* v. *Porter*, 51 Or. 318 (95 Pac. 732); *Foster* v. *Foster, post*, p. 355 (213 Pac. 895). Especially should this rule be applied since the water board of the State of Oregon has ceased to function, except by the state engineer, who will probably be unable to adjudicate many of the water rights in the state.

However, in this suit there is a general statement on the part of plaintiff in regard to its appropriation made by its predecessors in 1890 (which is not questioned by the defendants), and also that all of the waters of Krumbo Creek to which Dry Krumbo, or Little Krumbo, is tributary, are necessary for the irrigation of plaintiff's land. The number of acres cultivated is not given. The amount of the

water used is not designated. The amount of the water in the Blitzen River, Krumbo Creek or Little Krumbo Creek from which plaintiff obtains its supply of water for irrigation is in no way designated in the record, and the record in this case is not sufficient to determine definitely the rights of the respective parties. There is a controversy as to whether or not the canyon from which the defendants obtain the water which flows down through it from melting snow, and is not a regular perennial stream, is, strictly speaking, tributary to Little Krumbo Creek. From the testimony of the plaintiff's witness as quoted in its brief at page 5, "there are few high water years when there is a surplus of water," meaning over and above the amount required by plaintiff. Defendants also state that there is no water for their use from the canyon mentioned during every year.

2. The testimony shows that defendants use the water early in the season of the year before the plaintiff commences to irrigate to any considerable extent. The water used by defendants is a kind of surface water, and is not taken from any regular stream.

It appears the surveyor for the plaintiff went to the ditch of defendant, about a mile from its head, and as it was in the water shed of the Little Krumbo, he evidently concluded that the ditch was taken out of that creek. Hence this suit. The testimony does not show that the defendants constructed a ditch on plaintiff's land as alleged in the complaint.

The decree of the lower court is affirmed.

AFFIRMED.

Mr. Justice RAND took no part in the consideration of this case.